MEGAN L. HAYES, Wyo. Bar # 6-2891
Attorney at Law
910 Kearney Street
Laramie, WY 82070
Telephone: 307-760-6258

Attorney for Roy Mestas

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2016 JAN 26 PM 1:09
STEPHAN HARRIS, CLERK
CASPER

**IN THE UNITED STATES DISTRICT COURT, DISTRICT OF WYOMING**

| | |
|---|---|
| ROY MESTAS<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF EVANSVILLE, a duly incorporated Municipal Corporation under the laws of the State of Wyoming, and<br>DALE BROWN, in his official capacity as Public Works Supervisor for the Town of Evansville,<br><br>Defendants. | CASE NO. 17-CR-17-F<br><br>COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION, JURISDICTION AND VENUE

1. This action is brought by Roy Mestas (hereinafter "Mr. Mestas" or "Plaintiff") to secure redress for defendants' violations of his civil right to be free from employment discrimination based on his national origin and his disability.

2. Mr. Mestas is an individual who, at all times relevant herein, was and is a resident of the County of Natrona, State of Wyoming.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant Town of Evansville (hereinafter "defendant Evansville") was and is a duly incorporated Municipal Corporation under the laws of the State of Wyoming, located in Natrona County, State of



Wyoming.

4. Defendant Evansville employs more than 15 employees and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111(5)(A) (the "ADA").

5. Plaintiff is informed and believes, and based thereon alleges, that defendant Dale Brown (hereinafter "defendant Brown") was and is an individual residing in Natrona County. At all times relevant herein, defendant Brown was a supervisor, managerial employee or agent of defendant Evansville.

6. Plaintiff is informed and believes and based thereon alleges that each defendant is the agent, servant, employee, successor in interest, co-conspirator, and/or alter ego of every other defendant, and that, in doing the acts alleged herein, each defendant acted as the agent of and with the consent, knowledge, authorization and/or ratification of every other defendant herein.

7. Plaintiff is informed and believes and based thereon alleges that each defendant was in some manner intentionally and/or negligently and legally responsible for the events and happenings alleged in this Complaint and for plaintiff's injuries and damages.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII and the ADA.

9. Venue is proper in the District of Wyoming pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

10. Plaintiff Mestas has exhausted his administrative remedies. Mr. Mestas filed a charge of discrimination on the basis of race or national origin in employment with the Wyoming

Fair Employment Program, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by reference. Over one hundred eighty days after Plaintiff filed his charge of discrimination, the U.S. Department of Justice issued a right to sue notice authorizing this lawsuit, a true and correct copy of which Mr. Mestas received on October 31, 2016, is attached hereto as Exhibit 2, and incorporated herein by reference.

## FACTS CENTRAL TO PLAINTIFF'S CLAIMS

11. Plaintiff Mestas began his employment with the Public Works Department of defendant Evansville on September 12, 2012. Defendants Evansville and Brown terminated Mr. Mestas's employment on April 17, 2013.

12. During his employment with defendant Evansville, Mr. Mestas satisfactorily performed his job.

13. During his employment with defendant Evansville, Mr. Mestas received no disciplinary actions or coaching for poor or unsatisfactory performance of his job duties.

14. During his employment with defendant Evansville, Mr. Mestas was subjected to national origin-based harassment and intimidation as well as discrimination on the basis of a disability, all of which affected a term, condition or privilege of his employment.

15. Defendant Evansville employed defendant Brown at all times relevant herein. Defendant Brown was the Public Works Supervisor for defendant Evansville's Department of Public Works and was Mr. Mestas's supervisor.

16. On November 26, 2012, Mr. Mestas injured his back at work. Because of his workplace injury, he did not return to work until January 14, 2013.

17. When Mr. Mestas returned to work on January 14, 2013, he provided a note from his physician stating that he could return to his regular duties with no restrictions.

18. After Mr. Mestas returned to work on January 14, 2013, defendant Brown was upset that Mr. Mestas was injured and had missed work.

19. In February of 2013, Defendant Brown told Mr. Mestas that Mestas had not been bed ridden when he was out on "disability" for his back injury and that he should have come to work anyway to perform administrative 'light-duty' work.

20. In February of 2013, Defendant Brown told Mr. Mestas that someone working for the Town of Evansville outside of the Public Works Department, "on other authority," told defendant Brown that he should terminate Mr. Mestas's employment if Mr. Mestas could not perform his job duties.

21. Following his return to work on January 14, 2013, defendant Brown subjected Mr. Mestas to harsh and condescending treatment more frequently and more severely than other employees.

22. Defendant Brown expressed his displeasure with Mr. Mestas by frequently expecting Mr. Mestas to complete tasks without the assistance of co-workers.

23. Defendant Brown manifested his displeasure with Mr. Mestas through directives to co-workers not to assist Mr. Mestas and chastising and verbally reprimanding those co-workers who did assist him.

24. On or about February 22, 2013 and again on or about March 27, 2013, defendant Brown called Mr. Mestas and another Hispanic co-worker "stupid beaners."

25. On multiple occasions during Mr. Mestas's employment with defendant Evansville, defendant Brown repeatedly made derogatory remarks related to those of Hispanic origin. Defendant Brown frequently called subordinates, including Mr. Mestas, as well as citizens of the Town of Evansville, "beaners" or "stupid beaners."

26. At all times relevant to this complaint, on multiple occasions during regular morning meetings with Public Works Department employees, defendant Brown told "minority" jokes.

27. On at least two separate occasions, Mr. Mestas complained directly to defendant Brown that his derogatory comments regarding people of Hispanic descent were offensive.

28. Defendant Brown responded to these complaints by stating that his (Brown's) wife is a "Mexican" and he says stuff like this to her all the time.

29. At all times relevant herein, defendant Evansville did not have a specific procedure for employees to make complaints of harassment, other than for sexual harassment.

30. On April 11, 2013, Mr. Mestas informed defendant Brown that his physician would perform an injection on April 18, 2013, to treat his back pain.

31. Defendant Brown granted Mr. Mestas's request for time off of work to undergo the injection to treat his back pain.

32. On or about April 9, 2013, Mr. Mestas timely reported for work. While performing his assigned snow removal duties, Mr. Mestas asked defendant Brown if he could use a snow blower because of back pain.

33. Defendant Brown denied Mr. Mestas's request for a snow blower and said 'that's

what I have Mexicans for, to do this work.'

34. On April 17, 2013, defendant Brown summoned Mr. Mestas to his office and terminated Mr. Mestas's employment because things were 'not working out.'

35. Defendant Brown did not state that he was terminating Mr. Mestas's employment for poor or unsatisfactory job performance.

36. Mr. Mestas herein incorporates all allegations from the preceding paragraphs for all claims for relief asserted below.

**COUNT 1. Cause of Action: Discrimination Based on National Origin, against All Defendants.**

37. Defendants, and each of them, including defendant Evansville, through its agent or supervisor, defendant Brown, engaged in a pattern and practice of unlawful discrimination on the basis of race or national origin by subjecting Mr. Mestas to national origin based harassment and intimidation that affected a term, condition, or privilege of employment and was so pervasive and egregious that it altered the working conditions of his employment and created an abusive and hostile working environment, in violation of 42 U.S.C. § 2000e-2.

38. Defendant Evansville at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraph 37 above.

39. Defendant Brown failed to take any reasonable steps to prevent the discrimination based on race or national origin from occurring, after Mr. Mestas had complained to him about defendant Brown's discriminatory and derogatory statements.

40. Defendant Brown violated Title VII by failing to take any action on Mr. Mestas's complaints regarding defendant Brown's national original discrimination, as described in

paragraphs 25-28 above.

41. As a direct and proximate result of defendants' actions, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

42. As a further direct and proximate result of defendants' violation of 42 U.S.C. 2000e-2, plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendants and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorney's fees be awarded pursuant to 42 U.S.C. 2000e-5(k).

43. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of defendant Brown described above was malicious and oppressive, and done with a conscious disregard of plaintiff's rights, and with the intent to injure plaintiff. Because defendant Brown acted in his capacity as a supervisor and did nothing to correct his behavior after Mr. Mestas complained of his derogatory and offensive comments, plaintiff Mestas is entitled to punitive damages from defendants Brown and Evansville.

**COUNT 2. Cause of Action: Discrimination Based on Disability, against All Defendants.**

44. Defendants, and each of them, including defendant Evansville, through its agent or supervisor, defendant Brown, engaged in a pattern and practice of unlawful discrimination on the basis of disability by discharging Mr. Mestas on the basis of defendant Brown's regard for Mr. Mestas as disabled and not for a legitimate, nondiscriminatory reason, in violation of 42

U.S.C. § 12112(a) and (b)(5).

45. Defendant Evansville at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraph 44 above.

46. As a direct and proximate result of defendants' actions, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47. As a further direct and proximate result of defendants' violation of 42 U.S.C. § 12112, plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendants and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorney's fees be awarded pursuant to 42 U.S.C. § 12205.

48. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of defendant Brown described above was malicious and oppressive, and done with a conscious disregard of plaintiff's rights, and with the intent to injure plaintiff. Because defendant Brown acted in his capacity as a supervisor, plaintiff Mestas is entitled to punitive damages from defendants Brown and Evansville, pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 1981a(a)(3).

WHEREFORE, Plaintiff Roy Mestas, prays for judgment against Defendant Evansville and named-individual-supervisory defendant Brown as follows:

a. For compensatory damages in excess of this Court's minimum jurisdiction according

to proof;

b. For punitive damages against the Town of Evansville and individually-named Defendant Brown;

c. For injunctive relief;

d. For attorney and expert witness fees as allowed by statute;

e. For pre-judgment interest at the maximum legal rate;

f. For interest on the judgment at the maximum legal rate;

g. For costs of the suit herein; and

h. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all issues and claims raised in this Complaint.

Respectfully submitted this 25th day of January, 2017.

For Plaintiff Roy Mestas

By: Megan L. Hayes
Megan L. Hayes
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 760-6258
mlhayes@wyoming.com

Attorney for Roy Mestas

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 66-2013 541-2013-01402

Wyoming Fair Employment Program and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Roy Mestas** | **(307) 258-8059** | **09-18-1961** |

Street Address: **P.O. Box 164, Evansville, WY 82636**
City, State and ZIP Code

RECEIVED MAY 16 2013 LABOR - CHEY

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **TOWN OF EVANSVILLE** | **15-100** | **(307) 234-6530** |

Street Address: **P.O. DRAWER 158, Evansville, WY 82636**
City, State and ZIP Code

RECEIVED MAY 03 2013 EEOC DENVER OFFICE

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address
City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [X] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [X] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **01-14-2013** Latest: **04-17-2013**
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. PERSONAL HARM: Beginning on or about January 14, 2013, and continuing throughout my employment as a Sanitation Route Driver, the Director of Public Works subjected me to harassment. On or about April 17, 2013, I was discharged.

II. RESPONDENT'S DEFENSE: The Director of Public Works told me and another coworker (national origin, Hispanic) that he was just kidding when he made racist comments to us on two occasions. On or about April 17, 2013, the Director of Public Works told me that I was being discharged because I could no longer do my job.

III. DISCRIMINATION STATEMENT: I believe that I have been discriminated against based on my national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended, and based on a disability within the meaning of the Americans with Disabilities Act (ADA) of 1990, as amended, in violation of the ADA, in that:

A. I was qualified for my job and I was performing satisfactorily.

B. On or about November 26, 2012, I sustained an injury at work which caused me to miss between six and seven weeks of work. On or about January 14, 2013, I was released to return to work without restrictions.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**May 03, 2013**
*Date*

*Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

– Ex. 1

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 541-2013-01402

Wyoming Fair Employment Program and EEOC

State or local Agency, if any

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

C. Beginning on or about January 14, 2013, the Director of Public Works began to treat me poorly. He was unhappy with the fact that I had sustained an injury and needed to miss some work.

D. On or about February 22, 2013, and again on or about March 27, 2013, the Director of Public Works called me and another co-worker (national origin, Hispanic) "stupid beaners". Both times I told him that I was upset with his comments and not to make those comments to me.

E. In or about mid-March 2013, I informed the Director of Public Works that I had an injection scheduled next month for back pain.

F. On or about April 17, 2013, I called the Director of Public Works and asked to be excused from snow shoveling duty that day due to back pain. He refused my request and then summoned me to work.

G. On or about April 17, 2013, I was informed of my discharge. I dispute that I was unable to do my job.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

May 03, 2013

*Date*

*Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

  

**U.S. Department of Justice**
Civil Rights Division

*Disability Rights Section - NYA*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

DJ# 205-87-0

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

OCT 2 1 2016

Roy Mestas
PO Box 164
Evansville, WY 82636

Re: EEOC Charge Against: Town of Evansville
EEOC No.: 541-2013-01402
DJ#: 205-87-0

Dear Mr. Mestas:

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation on your case was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

Ex. 2

 

We are returning the files in this matter to EEOC's District Office. If you or your attorney, have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

John C. Lowrie, Director
Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012

As requested by the Equal Employment Opportunity Commission, enclosed is the "Notice of Right to Sue" regarding your claim under Title VII. You will also find a list of state resources and a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General

BY: [signature]
Amanda Maisels
Deputy Chief
Disability Rights Section

Enclosure:
EEOC Notice of Right to Sue
Wyoming State Resources
Notice of Rights under the ADAAA

cc: Town of Evansville
EEOC-Phoenix District Office