MEGAN L. HAYES, Wyo. Bar # 6-2891
Attorney at Law
910 Kearney Street
Laramie, WY 82070
Telephone: 307-760-6258

Attorney for Roy Mestas

---

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF WYOMING

---

ROY MESTAS                                     )        CASE NO. 17-CV-00017-NDF
                                               )
Plaintiff,                                     )
                                               )
v.                                             )
                                               )
TOWN OF EVANSVILLE, a duly incorporated        )
Municipal Corporation under the laws of the    )
State of Wyoming,                              )
                                               )
Defendant.                                     )

## PLAINTIFF'S BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Roy Mestas, by and through undersigned counsel, submits this brief in support

of his motion for a partial summary judgment pursuant to Federal Rule of Civil Procedure 56(c).

He seeks a summary judgment in his favor that he has satisfied two specific and distinct elements

of his *prima facie* case on his discrimination claims under the Americans with Disabilities Act

for a hostile work environment and retaliation.

Mr. Mestas asserted two ADA claims against the Town of Evansville: a hostile work

environment claim for harassment by his supervisor, Dale Brown, after returning from medical

leave for a workplace injury.  His second ADA claim asserts retaliation by Mr. Brown for taking

that medical leave, leave that was a reasonable accommodation for a disability and therefore is

1

conduct protected by the ADA.  These two ADA claims have different *prima facie* case elements and legal requirements.  This motion for partial summary judgment seeks to establish, based on the undisputed facts and as a matter of law, that (1) Mr. Mestas had an actual disability that was reasonably accommodated with medical leave, leave to which Mr. Mestas was entitled and that constitutes protected conduct for purposes of his ADA retaliation claim; and (2) when he returned to work from his medical leave and was able to perform his job duties without accommodation, Mr. Mestas was disabled because he had a "record of" a disability based on that medical leave and his inability to work, for purposes of his ADA hostile work environment claim. As argued more fully below, Mr. Mestas seeks a partial summary judgment in his favor that he has established the first elements of both his ADA hostile work environment and retaliation claims.

I.   **Undisputed facts relevant to the issues of Mr. Mestas's record of a disability and his medical leave for a workplace injury that is conduct protected by the ADA.**

1) Mr. Mestas began his employment as a sanitation route truck driver with the Town of Evansville on September 12, 2012.  Declaration of Roy Mestas, ¶ 1, attached hereto as Exhibit A.

2) On November 26, 2012, Mr. Mestas injured his back at work.  He submitted documentation from his physician that he was unable to work "until further notice." Defendant's Answer to First Amended Complaint, p. 3, ¶ 13, admitting the allegations in ¶ 13 of Plaintiff's First Amended Complaint; Mestas Decl., ¶ 4.

3) Mr. Mestas's back injury was so painful that he could not work or perform many other activities without significant pain, including walking, standing, lifting, bending, sitting

for longer than two hours, driving in a vehicle, and putting on his shoes and socks. Mestas Decl., ¶ 4.

4)  After Mr. Mestas injured his back on November 26, 2012, he was on medical leave until January 14, 2013. Defendant's Answer to First Amended Complaint, ¶ 14, p. 3, admitting the allegations in ¶ 14 of Plaintiff's First Amended Complaint that Mr. Mestas was on medical leave until January 14, 2013; Parties' Stipulation of Facts, p. 2 ¶ 9 ("Plaintiff was off work due to his work injury from November 26, 2012, to January 14, 2013"); Mestas Decl., ¶ 5.

5)  While on medical leave, Mr. Mestas received treatment for his back injury from Dr. Demian Yakel, including steroid injections to relieve back pain.  He also participated in physical therapy, sometimes twice per week, at Casper Orthopaedic Associates, P.C. Mestas Decl., ¶ 6; Affidavit of Yvonnie Currie, attached hereto as Exhibit B, and medical records from Casper Orthopaedic Associates, P.C., attached thereto as Exhibit 1.

6)  Mr. Mestas submitted a report of injury to the Wyoming Division of Workers' Compensation on November 26, 2012.  Mestas Decl., ¶ 7 and Report of Injury, attached thereto as Exhibit 1.

7)  The Division of Workers Compensation determined that Mr. Mestas's back injury was compensable; the Division paid all medical bills for treatment related to his back injury from November 28, 2012 to January 14, 2013.  Mestas Decl., ¶ 8.

8)  Mr. Mestas applied for and was awarded Temporary Total Disability benefits from the Division of Workers Compensation while he was on medical leave from November 26, 2012 to January 14, 2013.  Mestas Decl., ¶ 9 and Application for Temporary Total Disability Benefits, attached thereto as Exhibit 2.

3

9) Mr. Mestas also completed an Initial Accident and Health Claim form for the Town of Evansville in which he indicated that he was unable to work after his November 26, 2012 injury.  That form also required information about and verification of his injury by his physician. Mestas Decl., ¶ 10 and Initial Accident and Health Claim form, attached thereto as Exhibit 3.

10) When he returned to work, he provided documentation from his physician to the Town of Evansville that he could return to his regular duties with no restrictions. Defendant's Answer to First Amended Complaint, ¶¶ 14 and 15, p. 3, admitting the allegations in ¶ 15 of Plaintiff's First Amended Complaint.

11) When he returned to work on January 14, 2013, Dale Brown and Brian Boettcher informed Mr. Mestas that they were extending his probationary period through May 24, 2013, "because of the extended lost work time due to [his] injury on November 26, 2012." Defendant's Answer to First Amended Complaint, ¶ 16, admitting the allegations in ¶ 16 of Plaintiff's First Amended Complaint; Mestas Decl., ¶ 11 and Memo from Boettcher and Brown to Mestas, attached thereto as Exhibit 3.

12) After returning to work in January of 2013, Mr. Mestas was physically able to perform his job duties without any work restrictions.  Mestas Decl., ¶ 12.

13) Mr. Mestas reinjured his back while performing his job duties at the Town of Evansville in early April of 2017.  Mestas Decl., ¶ 13.

14) Because he was experiencing severe back pain, Mr. Mestas scheduled an appointment with Dr. Yakel to have a steroid injection in his back on April 18, 2017. Mestas Decl., ¶ 14.

15) Dale Brown terminated Mr. Mestas's employment on April 17, 2013.  Mestas Decl., ¶ 15.

16) Mr. Mestas later applied for Social Security Disability Insurance benefits.  In his application for benefits, Mr. Mestas stated that as of April 16, 2013, he had impairments that prevented him from engaging in any substantial gainful activity, including his back injury of November 26, 2012. Mestas Decl., ¶ 16.

17) Mr. Mestas started receiving SSDI benefits based on his inability to engage in any substantial gainful activity as of April 16, 2013.  Mestas Decl., ¶ 17.

## II.  Mr. Mestas seeks a Partial Summary Judgment that he is Disabled and that his Medical Leave is Protected Conduct under the ADA.

### A.  Standard for Summary Judgment.

The standard for summary judgment is well-established: Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1531 (10th Cir. 1995).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on the issue.  *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A party may seek a summary judgment on all or any part of his claim.  Fed. R. Civ. Pro. 56(a) ("A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought.").  Summary judgment is not "a disfavored procedural shortcut, but an integral part of the Federal Rules as a whole which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex*, 477 U.S. at 327 (citing Fed. R. Civ. P. 1).  As argued below, Mr. Mestas is entitled to a partial

summary judgment in his favor because the undisputed facts demonstrate that he has satisfied the

first elements of his hostile work environment claim and his retaliation claim as a matter of law.

**B. The Town of Evansville accommodated Mr. Mestas's back injury with medical leave that allowed him to receive treatment for and recover from that injury. That medical leave is conduct protected from retaliation by the ADA.**

The ADA's retaliation statute provides in pertinent part as follows: "It shall be unlawful

to coerce, intimidate, threaten, or interfere with *any individual* in the exercise or enjoyment of, or

on account of his or her having exercised or enjoyed, . . . any right granted or protected by this

chapter." 42 U.S.C. § 12203(b) (emphasis added). To prosecute an ADA retaliation claim, "'a

plaintiff need not show that []he suffers from an actual disability.'" *Foster v. Mountain Coal*

*Co., LLC*, 830 F.3d 1178, 1186 (10th Cir. 2016) (quoting *Selenke v. Med. Imaging of Colo.*, 248

F.3d 1249, 1264 (10th Cir. 2001). Disability is not an element of a retaliation action under the

ADA. *Id*. (citing *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 502 (3d Cir. 1997) ("By its own

terms, the ADA retaliation provision protects 'any individual' who has opposed any act or

practice made unlawful by the ADA . . . .") (quoting 42 U.S.C. § 12203(a)). *See also Barker v.*

*Riverside Cnty. Office of Educ.*, 584 F.3d 821, 827-28 (9th Cir. 2007) (because 42 U.S.C. §

12203(a) applies to "any individual," the plaintiff need not prove disability within the meaning

of the ADA to sustain a retaliation claim under the ADA.).

To establish retaliation in violation of the ADA, a plaintiff must prove that:

1. he engaged in conduct protected under the ADA;
2. he was subjected to an adverse employment action after the protected conduct occurred;
3. the defendant retaliated against him because of his conduct protected by the ADA.

*Foster*, 830 F.3d 1178, 1187 (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th

Cir. 1999). Conduct protected under the ADA includes medical leave to receive treatment for or

6

to recover from an injury. *Foster*, 830 F.3d 1178, 1187 (request for leave from work for injury may constitute "protected activity" under the ADA); *Cisneros v. Wilson*, 226 F.3d 1113, 1129 (10th Cir. 2000)[1] ("It is well-settled that a request for leave may lead to a 'reasonable' accommodation; such a request may allow an employee sufficient time to recover from an injury or illness such that the employee can perform the essential functions of the job (i.e., attend work) in the future") (citing 29 C.F.R. Pt. 1630, Appendix to Part 1630 Interpretative Guidance to Title I of the ADA, § 1630.2(o) (examples of possible accommodations include "permitting the use of accrued paid leave or providing additional unpaid leave for necessary treatment."); *Smith v. Difee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 967 (10th Cir. 2002) (an individual with either an actual impairment or a record of such an impairment may be entitled to be reasonably accommodated by taking limited leave for medical treatment) (citing *Rascon v. U.S. West Communications, Inc.*, 143 F.3d 1324, 1333-34 (10th Cir. 1998) and *Hudson v. MCI Telecommunications Corp.*, 87 F.3d 1167, 1169 (10th Cir. 1996)); *Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1110 (10th Cir. 1999) ("An allowance of time for medical care or treatment may constitute a reasonable accommodation.").

Here, Mr. Mestas took medical leave from November 26, 2012 to January 14, 2013, to receive treatment for and to recover from his workplace injury.  This leave was a reasonable accommodation that enabled him to return to work on January 14, 2013, when he was sufficiently recovered to perform the essential functions of his job.  The facts are undisputed that he took medical leave and that he received medical treatment while on leave.  This medical leave constitutes conduct protected by the ADA under clear and controlling Tenth Circuit law.  Mr. Mestas therefore seeks a partial summary judgment in his favor that he has established the first

---

[1] Cisneros was overruled on 11th Amendment grounds by *Board of Trustees of Univ. of Alabama*

element of his *prima facie* case of retaliation in violation of the ADA, namely that he engaged in conduct protected by the ADA by taking medical leave as a reasonable accommodation for his back injury.

### C. A Workplace Injury that Substantially Limits an Individual's Ability to Engage in Major Life Activities, including Work, Creates a Record of an Impairment that Qualifies as a Disability under the ADA.

The ADA provides in relevant part that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to ... discharge of employees, ... and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a). The Tenth Circuit has determined that hostile work environment claims, such as the one asserted by Mr. Mestas against the Town of Evansville, are actionable under the ADA. *Lanman v. Johnson Co., Kansas*, 393 F.3d 1151, 1155 (10th Cir. 2004).

To establish a *prima facie* case of discrimination under the ADA, including a hostile work environment claim, a plaintiff must demonstrate "'(1) that [he] is disabled within the meaning of the ADA; (2) that [he] is qualified-with or without reasonable accommodation; and (3) that [he] was discriminated against because of [his] disability.'" *McKenzie v. Dovala*, 242 F.3d 967, 969 (10th Cir. 2001) (quoting *Aldrich v. Boeing Co.*, 146 F.3d 1265, 1269 (10th Cir. 1998)).[2]  For the first element, demonstrating that the plaintiff is disabled, the ADA defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more of

---

[2]To succeed on a hostile work environment claim, a plaintiff must prove, for the third element of his *prima facie* case, "that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Anthony v. City of Clinton*, 1999 WL 390927 at *3 (10th Cir. June 15, 1999) (discussing elements of an ADA disability harassment claim and quoting *Penry v. Fed. Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir. 1998) (discussing elements of a Title VII sexual harassment claim based on a hostile work environment theory)).

the major life activities of such individual; (B) **a record of such an impairment**; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1) (emphasis added).  *See also* 29 CFR 1630.2(g)(1)(ii) (defining "disability" as having a "record of" a physical impairment that substantially limits one or more of the major life activities" of the individual).  Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and **working**." 42 U.S.C. § 12102(2)(A) (emphasis added).  *See also Cisneros v. Wilson*, 226 F.3d 1113, 1129 (10th Cir. 2000) ("Plaintiff's disability prevented her from attending work. Attendance is generally an 'essential' function of any job) (citing *Nowak v. St. Rita High Sch.*, 142 F.3d at 999, 1003 (7th Cir. 1998) ("Obviously, an employee who does not come to work cannot perform the essential functions of his job."); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996) ("an essential element of any job is an ability to appear for work. . . .") (citation, alteration, and internal quotation marks omitted). Mr. Mestas seeks to establish, as a matter of law and based on the undisputed facts, that he is "disabled" within the meaning of the ADA because as of January 14, 2013, he had a record of a disability.

On September 25, 2008, the Americans with Disabilities Act Amendments Act of 2008 ("the ADA Amendments Act" or "ADAAA") went into effect. In amending the ADA, Congress intended to convey "that the primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their obligations, and to convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." ADA Amendments Act, section 2(b)(6).  "The ADAAA and the EEOC's regulations also make clear that the primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their

obligations, not whether the individual meets the definition of disability." Appendix to Part 1630

- Interpretive Guidance on Title I of the Americans With Disabilities Act, Section 1630.1(c)

Construction, citing ADAAA section 2(b)(5).

Section 2(b)(5) of the ADA Amendments Act and its implementing regulations

specifically provide that determining whether an individual has a "record of a disability" shall

not require extensive analysis:

> Whether an individual has **a record of an impairment that substantially limited a major life activity shall be construed broadly to the maximum extent permitted by the ADA and should not demand extensive analysis**. An individual will be considered to have a record of a disability if the individual has a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population, or was misclassified as having had such an impairment.

29 CFR 1630.2(k)(2), defining "record of such an impairment" (emphasis added).   In addition,

whether an individual is "substantially limited" in a major life activity "**usually will not require**

**scientific, medical, or statistical analysis**" and the "effects of an impairment lasting or expected

to last fewer than six months can be substantially limiting within the meaning of this section."

29 CFR 1630.2(j)(v) and (ix), defining "substantially limits" (emphasis added).  These changes

were adopted to clarify that "the primary purpose of the ADAAA is to make it easier for people

with disabilities to obtain protection under the ADA." Appendix to Part 1630 - Interpretive

Guidance on Title I of the Americans With Disabilities Act, Section 1630.1(c) Construction.

Evidence that an in individual has had a substantially limiting impairment could be contained in

many different types of records, "including but not limited to, education, medical, or

employment records.  Such evidence that an individual has a past history of an impairment that

substantially limited a major life activity is all that is necessary to establish coverage under the

second prong." Appendix to Part 1630 - Interpretive Guidance on Title I of the Americans With

Disabilities Act, Section 1630.2(k) Record of a Substantially Limiting Impairment.

A condition that substantially limits one or more major life activities creates a "record of" a disability under the ADA Amendments Act and its implementing regulations.  29 C.F.R. 1630.2(k) ("a record of such impairment means has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities."); *St. Onge v. Livingston Co.*, 2005 WL 1838529 (E.D. Mich. 2005) (plaintiff had a record of disability when she was fired nearly two years after taking a six-week medical leave for breast cancer treatment, even though she was no longer actually disabled when fired). Even impairments lasting fewer than six months can be substantially limiting for purposes of establishing an actual impairment or a record of such an impairment under the ADA.  The implementing regulations of the ADA Amendments Act "include a clear statement that the definition of an impairment as transitory, that is, 'lasting or expected to last for six months or less,' only applies to the 'regarded as' (third) prong of the definition of 'disability' as part of the 'transitory and minor' defense to 'regarded as' coverage. It does not apply to the first or second prong of the definition of disability."  Appendix to Part 1630 - Interpretive Guidance on Title I of the Americans With Disabilities Act, Section 1630.2(j)(1)(ix), Effects of an Impairment Lasting Fewer Than Six Months Can Be Substantially Limiting (citing 29 C.F.R. Section 1630.2(j)(1)(ix)).

According to the undisputed facts of this case and applying the law set forth above, Mr. Mestas was "disabled" within the meaning of the ADA for purposes of his hostile work environment claim after he returned to work on January 14, 2013.  At that time, he had a record of a disability because he took medical leave, received medical treatment and was unable to engage in multiple major life activities, including work, from November 26, 2012 to January 14, 2013, due to his back injury.

**D.  Mr. Mestas is Entitled to a Partial Summary Judgment in his Favor Finding that he is Disabled within the Meaning of the ADA and that his Medical Leave is Conduct protected by the ADA.**

Mr. Mestas alleged that his supervisor, Dale Brown, harassed, intimated, threatened and retaliated against him after he returned from taking medical leave for his back injury. The undisputed facts show that Mr. Mestas's treating physician documented Mr. Mestas's inability to work because of his back injury.  The undisputed facts also show that Mr. Mestas was off work from November 26, 2012, to January 14, 2013.  During that time, he underwent medical treatment and physical therapy for his workplace injury; he has included his medical records as an exhibit to this motion to show it is beyond dispute that he sought medical treatment for his injury.  While on medical leave, he received Temporary Total Disability benefits from the State of Wyoming because his compensable injury prevented him from working.  Finally, the Workers' Compensation Division paid all medical bills related to his workplace injury.

The undisputed facts further show that defendant Town of Evansville admitted that on November 26, 2012, Mr. Mestas injured his back at work and that he provided medical documentation from his physician that he was "unable to work until further notice." The defendant also admitted that after Mr. Mestas injured his back at work on November 26, 2012, he was on medical leave until January 14, 2013, when he provided medical documentation that he could return to his regular duties with no restrictions, which he did. Finally, defendant has admitted that it extended Mr. Mestas's six-month probationary period "because of the extended lost work time due to [his] injury on November 26, 2012."

When Mr. Mestas sustained a back injury that prevented him from working, he had an "actual disability" that entitled him to be reasonably accommodated with medical leave to recover from that injury. On January 14, 2013, he was sufficiently recovered from his workplace

injury to return to work and perform the essential functions of his job without work restrictions. When he returned to work in January, it is undisputed that he had a record of a disability. After returning from medical leave, Mr. Mestas alleges that supervisor Dale Brown subjected him to a hostile work environment through harassment and intimidation, based on his record of a disability, and retaliated against him for taking medical leave that was protected conduct under the ADA.

### III. Conclusion.

Disability discrimination occurs when an employer covered by the Americans with Disabilities Act, as amended, treats a qualified individual with a disability who is an employee unfavorably because he has either an actual disability or a record of a disability.  The ADA also requires an employer to provide a reasonable accommodation to an employee with a disability, unless doing so would cause undue hardship for the employer. An allowance of time for medical care or treatment constitutes a reasonable accommodation under the ADA.  And the ADA prohibits a covered employer from retaliating against an employee for exercising any right granted or protected by the ADA, including taking medical leave as a reasonable accommodation for a disability.

For the foregoing reasons and based on the undisputed facts, Mr. Mestas requests entry of partial summary judgment in his favor that he is disabled within the meaning of the ADA because he has a record of a disability and that his medical leave was conduct protected from retaliation by the ADA, as amended.

Respectfully submitted this 19th day of October, 2017.

For Plaintiff Roy Mestas


By: s/Megan L. Hayes
Megan L. Hayes
Attorney at Law
910 Kearney Street
Laramie, WY  82070
(307) 760-6258
mlhayes@wyoming.com

Attorney for Roy Mestas


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Brief in Support of Motion for Partial Summary Judgment was served via the Court's CM/ECF system this 19th  day of October, 2017, to all attorneys of record.


___s/Megan L. Hayes_____
Megan L. Hayes