

FILED

1:27 pm, 10/8/19

**Margaret Botkins**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

ROY MESTAS,

Plaintiff,

vs.

Case No. 17-cv-0017-F

TOWN OF EVANSVILLE

Defendant.

---

### ORDER RESETTING SCHEDULE

On October 8, 2019, the Honorable Nancy D. Freudenthal, District Judge for the District of Wyoming held a pretrial conference to reset the schedule in this case.   Counsel participating were Megan Hayes for Plaintiff and Thomas Thompson for Defendant.

In addition to the matters discussed in the conference, the Court notes Plaintiff's first amended complaint is filed as non-public.   ECF No. 32.   There is a presumption of public access to court documents, which although not absolute, is particularly strong as to a party's pleading unless a law provides otherwise.   *See, e.g., United States v. Pickard,* 733 F.3d 1297, 1302 (10th Cir. 2013).   By the deadline stated below for moving to amend pleadings, Plaintiff shall either move for leave to file a second amended complaint and file it as a public document or shall file a public, redacted version of the first amended complaint, in either case redacting any information protected by Fed. R. Civ. P. 5.2.

**Consent to Trial by Magistrate Judge —**

The parties are aware of 28 U.S.C. 636(c) and U.S.D.C.L.R. 73.1, and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming.   However, the parties may consent to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**Current Claims and Defenses —**

*Plaintiff's contentions.* Plaintiff was employed in the Town of Evansville's Public Works Department from September 12, 2012 until April 17, 2013.   On April 17, 2013, Plaintiff's co-supervisor terminated Plaintiff's employment with the Town of Evansville, despite Plaintiff's alleged satisfactory job performance. Plaintiff alleges that during his employment with the Town of Evansville, he was subjected to national origin-based harassment and intimidation as well as discrimination on the basis of Defendant regarding him as disabled, all of which he alleges affected a term and condition of privilege of his employment. Plaintiff's claims arise under federal law, specifically Title VII and the ADA, giving this Court jurisdiction under 28 U.S.C. § 1331. In his first amended complaint, Plaintiff brings claims for discrimination based on national origin, hostile work environment in violation of the ADA, and retaliation for taking protected medical leave in violation of the ADA.   Among other things, Plaintiff's first amended complaint dropped his supervisor, Mr. Brown, as a defendant and Plaintiff's requests for punitive damages. Plaintiff continues to request compensatory damages, injunctive relief, his attorney and expert witness fees pursuant to statute, costs, and interest.

*Defendant's contentions.*   Defendant denies liability and asserts several affirmative defenses including failure to state a claim upon which relief can be granted, bar of Plaintiff's claims due to the statute of limitations, absolute immunity, failure to mitigate damages, failure to properly or timely submit a notice of claim, bar of claims due to the Wyoming Governmental Claims Act, estoppel, waiver, lack of proximate cause, and failure to exhaust administrative remedies.   Defendant requests its attorneys' fees, costs and expenses of this case.

**Amendments to Pleadings and Joinder of Parties — November 8, 2019**

The parties do not anticipate adding additional parties, but Plaintiff is considering amending to drop his hostile work environment claim.   The parties shall have until the above date to move to amend his pleading and/or join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

**Rule 26(f) Conference, Self-Executing Discovery, and Stipulations of Facts —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.   The parties have also complied with self-executing routine discovery exchange as required by Fed. R. Civ. P. 26(a).   The deadline for the parties to exchange "[p]roposals for stipulations and agreement upon facts to avoid discovery" in accordance with U.S.D.C.L.R. 16.1(b)(6) has passed.

**Discovery and Discovery Motions—**

The deadline for completing fact discovery has passed.   All written discovery and discovery depositions had to be completed by the discovery cutoff date.   The parties shall

provide all supplements to discovery responses and document productions at least **90 days prior to trial.** Trial depositions may be taken up to seven (7) days prior to the trial date.

If disputes regarding supplementation of discovery arise, pursuant to the General Order Regarding Discovery Motions available at http://www.wyd.uscourts.gov/pdfforms/orders/rankin_disc_ord.pdf the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Magistrate Judge Rankin's chambers prior to filing any written discovery motions.

Notwithstanding the above deadline for current supplements of discovery, **THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a).**

**Expert Witness Designation Deadlines — Passed**

The deadlines for Plaintiff and Defendant's expert witness disclosures in accordance with Fed. R. Civ. P. 26(a)(2) have passed under the prior schedule. The Court reminds the parties that their expert disclosures **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). **FOR ALL OF JUDGE FREUDENTHAL CASES, THE PARTIES <u>SHALL</u> FILE THEIR EXPERT DESIGNATIONS WITH THE COURT.** Plaintiff may depose Defendant's experts after the discovery cutoff date,

but must complete the depositions fourteen (14) days **PRIOR** to the final pretrial conference.

**In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert witness, the party calling that witness SHALL designate that medical or mental health provider as an expert witness.**

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable.   In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation.

In any case in which a party (here assumed to be the plaintiff, but it could be any party) satisfies the criteria for a physical or mental examination under Federal Rule of Civil Procedure 35, the Defendant may require Plaintiff to submit to physical and psychological examinations by experts designated by Defendant any time up to five full weeks prior to the commencement of trial.   Defendant shall designate said expert witnesses no later than one week after such examinations.   Plaintiff may depose the examining expert witnesses any time during the last four weeks prior to trial.   If Defendant conducts an examination earlier than five weeks prior to trial, Defendant must designate the opinions of the experts

5

no later than twenty (20) days following the examination.  Plaintiff may depose said expert any time prior to the commencement of trial.

**FOR JUDGE FREUDENTHAL CASES, PARTIES <u>SHOULD NOT</u> FILE THEIR NOTICES OF DEPOSITIONS, SUBPOENAS OR OTHER DISCOVERY NOTICES.**

**Proposed Orders —**

All proposed orders regarding non-dispositive civil motions should be submitted to Judge Rankin's chambers in a word processing format and emailed to wyojudgekhr@wyd.uscourts.gov.

All proposed orders regarding dispositive civil motions should be submitted to Judge Freudenthal's chambers in a word processing format and emailed to wyojudgendf@wyd.uscourts.gov.

**Status Conference – December 13, 2019 at 10:00 a.m.**

At this time, the parties do not believe there will be another round of dispositive motions in this matter. The Court will hold a status conference at the above date and time to discuss the progress of discovery supplements and status of settlement efforts.  Counsel should appear by telephone, calling into chambers on one line at (307) 433-2190.

**Final Pretrial Conference — January 22, 2020 at 2:00 p.m.**

A final pretrial conference in this matter has been scheduled for the above date and time in the Chambers of Honorable Nancy D. Freudenthal in Cheyenne, Wyoming. Counsel shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL ORDER PREPARED FOR JUDGE FREUDENTHAL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS. **UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT PRETRIAL ORDER.** If you cannot locate the form, please contact Judge Freudenthal's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. **A copy of the proposed order must be delivered directly to Judge Freudenthal's chambers (but not filed) via e-mail to wyojudgendf@wyd.uscourts.gov at least seven (7) days before the final pretrial conference.**

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST FOURTEEN (14) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

**COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE.** If an exhibit is not brought to the final pretrial conference and an

objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order.   Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

*A. Marking of Exhibits*: All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered at the pretrial conference with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A.   In the event there are multiple parties, plaintiff or defendant, the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

*B. Elimination of Duplicate*.   The parties should compare the exhibits and eliminate duplicates.   If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

*C. Copies for the Court*.   There is no need to provide copies of exhibits to the Court.   The originals of the exhibits not submitted through JERS shall be provided to the Deputy Clerk as they are introduced and admitted at trial.

**EXHIBIT LIST:** The parties' exhibit lists are to be prepared in the following format.

| Plaintiff(s) Exhibits | Objections (Cite Fed. R. Evid.) | Category A, B, C | Offered | Admit/Not Admitted (A) - (NA)* |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | | | | |

\* This column is for use by the trial judge at trial.   Nothing should be entered in this column by the parties.

The following categories are to be used for objections to exhibits:

A.   **Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

B.   **Category B**.   These exhibits are objected to on grounds other than foundation, identification, or authenticity.   This category should be used for objections such as hearsay or relevance.

C.   **Category C**.   These exhibits are objected to on grounds of foundation, identification, or authenticity.   This category should not be used for other grounds, such as hearsay or relevance.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN FIVE (5) BUSINESS DAYS AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION.   Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON EXHIBIT LIST IS SUBJECT TO EXCLUSION AT TRIAL.   THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape.

MOTIONS IN LIMINE OR MOTIONS RELATING TO THE EXCLUSION OF EVIDENCE SHALL BE FILED NO LATER THAN FOURTEEN (14) DAYS PRIOR TO THE **FINAL PRETRIAL CONFERENCE**. Responses shall be filed seven (7) days before the final pretrial conference.

**Jury Trial — February 18, 2020 at 8:30 a.m.**

A jury trial is set before the Honorable Nancy D. Freudenthal in **Cheyenne**, Wyoming for the above date and time and is expected to last four to five (4-5) days, depending on whether Plaintiff dismisses his hostile work environment claim. This case is stacked #1 on the civil docket for the week of February 18, and is stacked #2 for the fifth day, February 24. U.S.D.C.L.R. 40.1(a).

At the conference, the parties expressed their preference for Casper as the trial location but as a second preference to keep this trial date and hold the trial in Cheyenne if the courtroom in Casper is unavailable. The Casper courtroom is currently scheduled for both criminal and civil trials this week, so the Court is setting this case for trial in Cheyenne.

**\*\*\*THE COURT IS IMPLEMENTING A NEW SYSTEM FOR ELECTRONIC SUBMISSION OF EXHIBITS TO THE JURY. THE JURY EVIDENCE RECORDING SYSTEM (JERS) ALLOWS JURORS TO REVIEW EVIDENCE (DOCUMENTARY, PHOTO, OR VIDEO/AUDIO EXHIBITS) ON A**

**LARGE LED SCREEN DURING DELIBERATIONS.   ATTORNEYS SHOULD PROVIDE THEIR TRIAL EXHIBITS IN ELECTRONIC FORMAT ON A USB DRIVE, DVD, OR CD TO THE OFFICE OF THE CLERK OF COURT A MINIMUM OF FIVE (5) DAYS PRIOR TO THE START OF TRIAL.**   COUNSEL IS   REQUIRED   TO   PROVIDE   THEIR   EXHIBITS   IN   THE   FOLLOWING ELECTRONIC FORMATS:

All electronic evidence should be provided using the following formats:

- Document and Photographs: .pdf, .jpg, .bmp, .tif, .gif

- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, individual files should not exceed 500MB.   If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.   PARTIES MAY OBTAIN ADDITIONAL INFORMATION REGARDING THE SUBMISSION OF ELECTRONIC EXHIBITS BY CONTACTING THE CLERK'S OFFICE AT 307-433-2120.

The parties SHALL file their proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial.   Jury instructions must include citations of authority. **The proposed voir dire questions, jury instructions, and special verdict forms shall be submitted directly to Judge Freudenthal's chambers via e-mail to wyojudgendf@wyd.uscourts.gov.   The**

11

**instructions must be formatted as a single document for word or wordperfect.** Counsel need submit only proposed substantive jury instructions; the Court has its own **general instructions**, which can be found on the district court website under forms.

### THE PARTIES MUST SUBMIT JOINT JURY INSTRUCTIONS AND A JOINT PROPOSED VERDICT FORM. UNLESS OTHERWISE AGREED UPON BY COUNSEL, THE COURT EXPECTS PLAINTIFF'S COUNSEL TO TAKE THE LEAD IN DRAFTING THE JOINT JURY INSTRUCTIONS. In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date. The instructions should be submitted in the order in which the parties wish to have the instructions read.

If the parties cannot reach an agreement on the instructions, then instructions shall be submitted in three (3) sets as follows:

1. The agreed upon instructions.

2. Those instructions propounded by Plaintiff, opposed by Defendant.

3. Those instructions propounded by Defendant, opposed by Plaintiff.

For disputed instructions, the party should note its objections to the proposed instruction. The parties should also submit differing versions of disputed instructions or a statement as to why the instruction should not be included.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of

12

the case and the claims and defenses being asserted.   The parties should make every effort to agree upon the language for the statement.   To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

**Settlement Possibilities —**

The Judge considers settlement possibilities of this case to be fair to good.

**Modifications of Filing Deadlines and the Schedule —**

Stipulated extensions of time for any filing deadlines must be approved by the Court.   The schedule established in this Order may be modified only for good cause and with the Court's consent.   Barring unforeseen circumstances, the Court holds the final pretrial conference and trial dates firm.   To the extent this Order covers the same topics as the initial pretrial order or amendments thereof, this Order shall govern.

Dated this ___8___ day of October, 2019.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE