MEGAN L. HAYES, Wyo. Bar # 6-2891
Attorney at Law
910 Kearney Street
Laramie, WY 82070
Telephone: 307-760-6258

Attorney for Roy Mestas

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2019 OCT 18 AM 11: 15
MARGARET BOTKINS,CLERK
CASPER

**IN THE UNITED STATES DISTRICT COURT, DISTRICT OF WYOMING**

| | | |
|---|---|---|
| ROY MESTAS<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF EVANSVILLE, a duly incorporated Municipal Corporation under the laws of the State of Wyoming,<br><br>Defendant. | ) | CASE NO. 17-CV-00017-NDF<br><br>AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION, JURISDICTION AND VENUE**

1. This action is brought by Roy Mestas (hereinafter "Mr. Mestas" or "Plaintiff") to secure redress for defendants' violations of his civil right to be free from employment discrimination based on his national origin and his disability.

2. Mr. Mestas is an individual who, at all times relevant herein, was and is a resident of the County of Natrona, State of Wyoming.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant Town of Evansville (hereinafter "defendant Evansville") was and is a duly incorporated Municipal Corporation under the laws of the State of Wyoming, located in Natrona County, State of Wyoming.

4. Defendant Evansville employs more than 15 employees and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111(5)(A) (the "ADA").

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII and the ADA.

6. Venue is proper in the District of Wyoming pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

7. Plaintiff Mestas has exhausted his administrative remedies. Mr. Mestas filed a charge of discrimination on the basis of race or national origin in employment with the Wyoming Fair Employment Program, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by reference. Over one hundred eighty days after Plaintiff filed his charge of discrimination, the U.S. Department of Justice issued a right to sue notice authorizing this lawsuit, a true and correct copy of which Mr. Mestas received on October 31, 2016, is attached hereto as Exhibit 2, and incorporated herein by reference.

**FACTS CENTRAL TO PLAINTIFF'S CLAIMS**

8. Plaintiff Mestas began his employment with the Town of Evansville Public Works Department on September 12, 2012. As a new hire, Mr. Mestas was required to serve a six-month probationary period as an at-will employee.

9. At all times material hereto, defendant's managers, supervisors, agents and employees were acting within the scope of their employment and with the knowledge and

consent of defendant.

10.     During his employment with defendant Evansville, Mr. Mestas received no disciplinary actions or coaching for poor or unsatisfactory performance of his job duties.

11.     During his employment with defendant Evansville, Mr. Mestas was subjected to national origin-based harassment and discrimination; harassment, intimidation and discrimination on the basis of his disability; and retaliation for taking medical leave protected by the ADA, all of which affected a term, condition or privilege of his employment.

12.     Defendant Evansville employed Dale Brown at all times relevant herein. Dale Brown was one of two supervisors in defendant Evanville's Public Works Department and was Mr. Mestas's immediate supervisor.

13.     On November 26, 2012, Mr. Mestas injured his back at work. He submitted documentation from his physician that he was unable to work "until further notice."

14.     Because of his disabling workplace injury, he was on medical leave until January 14, 2013.

15.     When Mr. Mestas returned to work on January 14, 2013, he provided documentation from his physician that he could return to his regular duties with no restrictions.

16.     When Mr. Mestas returned to work on January 14, 2013, Department of Public Works Supervisors Brown and Brian Botcher presented him with a letter informing him that they were extending his six-month probationary period as a new hire through May 24, 2013 "because of the extended lost work time due to your injury on November 26, 2012."

17.     After he returned to work on January 14, 2013, Mr. Mestas was able to

satisfactorily perform his essential job duties.

18. After Mr. Mestas returned to work on January 14, 2013, Supervisor Brown was upset that Mr. Mestas was injured and had missed work.

19. Following his return to work on January 14, 2013, Supervisor Brown subjected Mr. Mestas to harsh and condescending treatment more frequently and more severely than other employees.

20. Supervisor Brown frequently expressed his hostility toward Mr. Mestas by expecting Mr. Mestas to complete tasks without the assistance of co-workers.

21. Supervisor Brown also manifested his hostility toward Mr. Mestas through directives to co-workers not to assist Mr. Mestas and by chastising and verbally reprimanding those co-workers who did assist him.

22. On multiple occasions during Mr. Mestas's employment with defendant Town of Evansville, Supervisor Brown repeatedly made derogatory remarks related to those of Hispanic origin. Supervisor Brown frequently called subordinates, including Mr. Mestas, as well as citizens of the Town of Evansville, "beaners" or "stupid beaners."

23. At all times relevant to this complaint, on multiple occasions during regular morning meetings with Public Works Department employees, Supervisor Brown told "minority" jokes.

24. Because of Supervisor Brown's hostile and condescending treatment, Mr. Mestas began contemporaneously documenting and recording some of his conversations with Supervisor Brown, to document Brown's hostile, intimidating treatment and Mr. Mestas's efforts to address that treatment.

25. In one audio recording on or about February 21, 2013, Mr. Mestas asked to speak privately with Supervisor Brown. He asked Brown if he had done something to 'piss him off,' an obvious reference to Supervisor Brown's hostile treatment.

26. Supervisor Brown responded that 'I am still frustrated with your back,' and that although he knew that Mr. Mestas had not injured his back intentionally, Mr. Mestas had not been bed ridden when he was out on "disability" for his back injury and that he should have come to work anyway to perform administrative 'light-duty' work. Supervisor Brown accused Mr. Mestas of using his back to call in sick two times after he had returned from medical leave.

27. In that same February of 2013 recorded conversation, Supervisor Brown told Mr. Mestas that someone working for the Town of Evansville outside of the Public Works Department, "on other authority," purportedly had told him that he should terminate Mr. Mestas's employment if Mr. Mestas could not perform his job duties.

28. After this conversation in February of 2013, Supervisor Brown continued to treat Mr. Mestas in a hostile, intimidating manner, and Mr. Mestas continued to satisfactorily perform his job duties.

29. During his employment with the Town of Evansville, Mr. Mestas kept a memo pad in his shirt pocket in which he documented job-related information, such as addresses where trash bins needed to be repaired, where trash bins had not been set out, or where extra trash had been left on the ground next to the trash bins.

30. On or about February 22, 2013 and again on or about March 27, 2013, Mr. Mestas documented in his memo pad that Supervisor Brown had made a "stupid beaner" remark.

31. On at least two separate occasions, Mr. Mestas complained directly to Supervisor

Brown that his derogatory comments regarding people of Hispanic descent were offensive.

32. Mr. Mestas documented one of those occasions in his memo pad as follows: "Asked Dale to stop using Beaner remarks!!! 4-1-13."

33. Supervisor Brown responded to these complaints by stating that his (Brown's) wife is a "Mexican" and he says stuff like this to her all the time.

34. At all times relevant herein, defendant Evansville did not have a specific procedure for employees to make complaints of harassment, other than for sexual harassment.

35. At all times material to this complaint, Department of Public Works employees, including Mr. Mestas, were expected to report to work by 7 a.m., to shovel snow at Town of Evansville facilities.

36. In early April of 2013, Mr. Mestas contacted his physician to schedule a steroid injection to relieve his recurring back pain.

37. On April 11, 2013, in a recorded conversation, Mr. Mestas informed Supervisor Brown that his physician would perform an injection on April 18, 2013, to treat his back pain.

38. Supervisor Brown granted Mr. Mestas's request for time off of work to undergo the injection to treat his back pain and told him to write it on the Public Works Department calendar.

39. On or about Monday, April 15, 2013, Mr. Mestas timely reported for work to assist with snow removal. While performing his assigned snow removal duties, Mr. Mestas asked Supervisor Brown if he could use his own snow blower because of back pain.

40. Supervisor Brown denied Mr. Mestas's request for a snow blower. Supervisor

Brown later stated that he denied Mr. Mestas's request to use a snow blower because he thought Mr. Mestas was 'just trying to get out of work' and that he would require Mr. Mestas to shovel the snow by hand unless he was excused from doing so by a doctor.

41.     On April 17, 2013, in a recorded conversation, Supervisor Brown summoned Mr. Mestas to his office and terminated Mr. Mestas's employment because things were 'not working out' and that Mr. Mestas should go 'take care of your back and whatever.'

42.     Mr. Mestas herein incorporates all allegations from the preceding paragraphs for all claims for relief asserted below.

**COUNT 1. Cause of Action: Discrimination Based on National Origin.**

43.     Defendant Town of Evansville, through its agent or supervisor, Dale Brown, engaged in a pattern and practice of unlawful discrimination on the basis of race or national origin by subjecting him to national origin based harassment and intimidation that affected a term, condition, or privilege of employment and was so pervasive and egregious that it altered the working conditions of his employment and created an abusive and hostile working environment, in violation of 42 U.S.C. § 2000e-2.

44.     Defendant Town of Evansville, through its agent or supervisor, Dale Brown, engaged in unlawful discrimination on the basis of race or national origin by discharging Mr. Mestas after he complained to Supervisor Brown of the national origin based harassment and intimidation that was affecting a term, condition, or privilege of his employment, in violation of 42 U.S.C. § 2000e-2.

45.     Defendant Evansville at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 43 and 44 above.

46. Supervisor Brown failed to take any reasonable steps to prevent the discrimination based on race or national origin from occurring, after Mr. Mestas had complained to him about his discriminatory and derogatory statements.

47. Supervisor Brown violated Title VII by failing to take any action on Mr. Mestas's complaints regarding his national original discrimination, as described in paragraphs 31-32 above.

48. Defendant Town of Evansville is strictly liable for illegal national origin discrimination because plaintiff's supervisor knew of and carried out the adverse personnel actions against the plaintiff.

49. As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer humiliation, embarrassment, loss of enjoyment of life and emotional distress all in an amount to be shown according to proof at time of trial and for which damage he should be justly compensated.

50. As a further direct and proximate result of defendant's violation of 42 U.S.C. 2000e-2, plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendant and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorney's fees be awarded pursuant to 42 U.S.C. 2000e-5(k).

**COUNT 2. Cause of Action: Hostile Work Environment Based on Disability, in Violation of the ADA.**

51. Defendant Town of Evansville, through its agent or supervisor, Dale Brown, engaged in a pattern and practice of unlawful discrimination on the basis of disability by subjecting Mr. Mestas to unwelcome harassment based on plaintiff's disability, harassment that

was sufficiently several or pervasive to alter a term, condition, or privilege of employment, in violation of 42 U.S.C. § 12112(a) and (b)(5).

52. Defendant Evansville at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraph 51 above.

53. Supervisor Brown failed to take any reasonable steps to prevent the discrimination based on plaintiff's disability from occurring, after Mr. Mestas confronted him about his hostile and intimidating treatment.

54. Supervisor Brown violated the ADA by failing to take any action on Mr. Mestas's complaints regarding his disability discrimination, as described in paragraph 25 above.

55. As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer humiliation, embarrassment, loss of enjoyment of life and emotional distress all in an amount to be shown according to proof at time of trial and for which damage he should be justly compensated.

56. As a further direct and proximate result of defendant's violation of 42 U.S.C. § 12112, plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendant and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorney's fees be awarded pursuant to 42 U.S.C. § 12205.

**COUNT 3. Cause of Action: Retaliation in Employment for Taking Protected Medical Leave for a Disability, in Violation of the ADA.**

57. Defendant Town of Evansville, through its agents or supervisors, engaged in unlawful retaliation against Mr. Mestas after he took protected medical leave that was a

reasonable accommodation for his disabling back condition, in violation of 42 U.S.C. § 12203(b).

58.     Defendant Town of Evansville at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraph 57 above.

59.     Supervisor Brown failed to take any reasonable steps to prevent the discrimination based on plaintiff's disability from occurring, after Mr. Mestas confronted him about his hostile and intimidating treatment.

60.     Supervisor Brown violated the ADA by failing to take any action on Mr. Mestas's complaints regarding his disability discrimination, as described in paragraph 25 above.

61.     As a direct and proximate result of defendant's actions, Mr. Mestas has suffered and will continue to suffer humiliation, embarrassment, loss of enjoyment of life and emotional distress all in an amount to be shown according to proof at time of trial and for which damage he should be justly compensated.

62.     As a further direct and proximate result of defendant's violation of 42 U.S.C. § 12203(b), plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendant and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorney's fees be awarded pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff Roy Mestas prays for judgment against Defendant Evansville as follows:

   a. For compensatory damages in excess of this Court's minimum jurisdiction according to proof;

b. For injunctive relief;

c. For attorney and expert witness fees as allowed by statute;

d. For pre-judgment interest at the maximum legal rate;

e. For interest on the judgment at the maximum legal rate;

f. For costs of the suit herein; and

g. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all issues and claims raised in this Amended Complaint.

Respectfully submitted this 15th day of October, 2019.

For Plaintiff Roy Mestas

By: ______________________
Megan L. Hayes
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 760-6258
mlhayes@wyoming.com

Attorney for Roy Mestas

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Second Amended Complaint and all exhibits thereto was served via email on this 15th day of October, 2019, to all attorneys of record, as follows:

tthompson@wyomingattorneys.net

______________________
Megan L. Hayes

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA 66-2013

[X] EEOC 541-2013-01402

Wyoming Fair Employment Program and EEOC

State or local Agency, if any

Name (indicate Mr., Ms., Mrs.): Mr. Roy Mestas

Home Phone (Incl. Area Code): [redacted] Date of Birth: [redacted]

Street Address: [redacted] City, State and ZIP Code

RECEIVED MAY 16 2013

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

Name: TOWN OF EVANSVILLE

No. Employees, Members: 15 - 100

Phone No. (Include Area Code): (307) 234-6530

Street Address: P.O. DRAWER 168, Evansville, WY 82636 City, State and ZIP Code

RECEIVED MAY 03 2013 EEOC DENVER OFFICE

Name | No. Employees, Members | Phone No. (Include Area Code)

Street Address | City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [X] NATIONAL ORIGIN [ ] RETALIATION [ ] AGE [X] DISABILITY [ ] GENETIC INFORMATION [ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE Earliest: 01-14-2013 Latest: 04-17-2013

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. PERSONAL HARM: Beginning on or about January 14, 2013, and continuing throughout my employment as a Sanitation Route Driver, the Director of Public Works subjected me to harassment. On or about April 17, 2013, I was discharged.

II. RESPONDENT'S DEFENSE: The Director of Public Works told me and another coworker (national origin, Hispanic) that he was just kidding when he made racist comments to us on two occasions. On or about April 17, 2013, the Director of Public Works told me that I was being discharged because I could no longer do my job.

III. DISCRIMINATION STATEMENT: I believe that I have been discriminated against based on my national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended, and based on a disability within the meaning of the Americans with Disabilities Act (ADA) of 1990, as amended, in violation of the ADA, in that:

A. I was qualified for my job and I was performing satisfactorily.

B. On or about November 28, 2012, I sustained an injury at work which caused me to miss between six and seven weeks of work. On or about January 14, 2013, I was released to return to work without restrictions.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

May 03, 2013

Date Charging Party Signature

Ex. 1

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 541-2013-01402

Wyoming Fair Employment Program and EEOC

State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

C. Beginning on or about January 14, 2013, the Director of Public Works began to treat me poorly. He was unhappy with the fact that I had sustained an injury and needed to miss some work.

D. On or about February 22, 2013, and again on or about March 27, 2013, the Director of Public Works called me and another co-worker (national origin, Hispanic) "stupid beaners". Both times I told him that I was upset with his comments and not to make those comments to me.

E. In or about mid-March 2013, I informed the Director of Public Works that I had an injection scheduled next month for back pain.

F. On or about April 17, 2013, I called the Director of Public Works and asked to be excused from snow shoveling duty that day due to back pain. He refused my request and then summoned me to work.

G. On or about April 17, 2013, I was informed of my discharge. I dispute that I was unable to do my job.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

May 03, 2013 [signature]

Date Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**U.S. Department of Justice**

**Civil Rights Division**

*Disability Rights Section - NYA*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

DJ# 205-87-0

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

OCT 2 1 2016

Roy Mestas

Re: EEOC Charge Against: Town of Evansville
EEOC No.: 541-2013-01402
DJ#: 205-87-0

Dear Mr. Mestas:

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation on your case was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

Ex. 2

We are returning the files in this matter to EEOC's District Office. If you or your attorney, have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to:

John C. Lowrie, Director
Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012

As requested by the Equal Employment Opportunity Commission, enclosed is the "Notice of Right to Sue" regarding your claim under Title VII. You will also find a list of state resources and a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA).

We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General

BY: [signature]
Amanda Maisels
Deputy Chief
Disability Rights Section

Enclosure:
EEOC Notice of Right to Sue
Wyoming State Resources
Notice of Rights under the ADAAA

cc: Town of Evansville
EEOC-Phoenix District Office